IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RONALD G. JOHNSON,           )
                             )
          Petitioner,        )
                             )
v.                           )   Civil Action No. 05-759-KAJ
                             )
SUPREME COURT OF             )
THE UNITED STATES, and       )
UNITED STATES  SUPREME       )
COURT CLERKS, JUSTICES,      )
and CLERK,                   )
                             )
          Respondents.       )

**MEMORANDUM ORDER**

In December 2004, I denied *pro se* petitioner Ronald G. Johnson's request for

habeas relief filed pursuant to 28 U.S.C. § 2255 and 28 U.S.C. § 2241 for lack of

jurisdiction. *See Johnson v. United States Prob. Office*, Civ. A. 04-1444-KAJ, Mem.

Order (D. Del. Dec. 22, 2004). The Third Circuit Court of Appeals denied Johnson's

request for a certificate of appealability after determining that my procedural ruling was

correct. *See* (D.I. 17 in *Johnson v. United States Prob. Office*, Civ. A. 04-1444-KAJ.).

Thereafter, Johnson filed at least sixteen petitions for the writ of certiorari and six

petitions for the writ of mandamus in the United States Supreme Court regarding the

Third Circuit's decision. (D.I. 1, at 2.) According to Johnson, all the petitions were

returned due to "errors" in the paperwork, and then, when he re-filed them, they were

denied as untimely. *Id.*

In the instant petition for a writ of mandamus, Johnson contends that the United States Supreme Court and its Clerks: (1) unfairly rejected all of his petitions for "not being totally correct and perfect"; (2) unfairly rejected at least three of his petitions even after he filed an application to proceed *in forma pauperis* as instructed; and (3) only returned some of his petitions, which "smell" and "crumble" in his hands. (D.I. 1, at 3.) Johnson contends that he has no other method for seeking the writ of certiorari and/or mandamus relief from the Supreme Court, and asks me to compel the United States Supreme Court Justices and Clerks to: 1) appoint counsel to help him prepare his petitions for a writ of certiorari and for a writ of mandamus to be filed in the United States Supreme Court; 2) present a motion for the appointment of counsel to the Supreme Court justices; 3) present his petitions for the writ of certiorari and the writ of mandamus to the Supreme Court justices; and 4) grant his request to proceed *in forma pauperis*. *Id.* at 1, 3.

As an initial matter, although a simplistic reading of the language of 28 U.S.C. § 1361[1] might lead Johnson to believe I can entertain his pending mandamus request, I cannot. I am not aware of any authority permitting a federal district court to issue a writ of mandamus against the Clerks or Justices of the United States Supreme Court. *See, e.g., In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992)(noting that district court "lacked subject matter jurisdiction to review any decision of the Supreme Court or its Clerk"); *Tillman v. United States Supreme Court*, 979 F.2d 248 (Table), 1992 WL 345474, at **1

---

[1]Section 1361 provides, in relevant part, that a "district court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or agency thereof to perform a duty owed to the plaintiff."

(D.C. Cir. 1992)(holding that, "[b]ecause no other court may compel action of the Supreme Court, the district court properly dismissed Tilman's complaint as frivolous."); *Panko v. Rodak*, 606 F.2d 168, 171 n. 6 (7th Cir. 1979)(noting that "it seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action.").

Accordingly, IT IS HEREBY ORDERED THAT:

1. Ronald G. Johnson's petition for a writ of mandamus is DENIED.  (D.I. 1)

2. To the extent Johnson's motion for the appointment of counsel is a request for the appointment of counsel in the instant proceeding, it is DENIED as moot.  (D.I. 2)

3. The clerk of the court is directed to close the case.

UNITED STATES DISTRICT JUDGE

January 24, 2006
Wilmington, Delaware